**Lane McNAMARA, et al., Plaintiffs,**

v.

**BRE–X MINERALS LTD.,
et al., Defendants.**

**No. 5–97CV–159.**

United States District Court,
E.D. Texas,
Texarkana Division.

Sept. 28, 1999.

## ORDER

FOLSOM, District Judge.

Before the Court is Plaintiff's Motion to Reconsider the Court's Order dismissing, for lack of subject matter jurisdiction, the claims of Canadian purchasers who purchased Bre–X stock on Canadian exchanges. The Court finds that there is no basis for reconsidering its decision that the Court lacks subject matter jurisdiction over the claims raised by the Canadian Plaintiffs. Plaintiff's Motion is therefore DENIED.

### I. Background

Plaintiffs brought this action alleging that the Defendants violated section 10(b), and section 20(a) of the Securities Exchange Act of 1934, rule 10(b)–5 promulgated thereunder, negligent misrepresentation, and common law fraud[1]. The Plaintiffs are American and Canadian purchasers of Bre–X stock. The Court entered an order on January 7, 1999 dismissing for lack of subject matter jurisdiction the claims of Canadian Plaintiffs who purchased their stock on Canadian exchanges. Plaintiff's filed a motion to reconsider on February 5, 1999. On March 29, 1999, the Court heard oral argument. Having read the Plaintiff's motion and supplemental brief in support of their motion, the Defendants' responses, the Plaintiff's reply, as well as oral argument, the Court finds that there is no basis for modifying its previous order.

### II. Motion for Reconsideration Standard

Motions for reconsideration are permitted only in narrow situations, primarily "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D.Ill.1982), aff'd, 735 F.2d 1367, and

---

1. for a more detailed background of the case, see the Court's original order dated January 7, 1999, *See Lane McNamara v. Bre–X Minerals Ltd., et al.*, 1999 WL 507441 (E.D.Tex. July 13, 1999).

aff'd, 736 F.2d 388 (7th Cir.1984)); *see In re Beef Industry Antitrust Litigation,* 713 F.Supp. 971, 981 (N.D.Tex., 1988).

## III. Analysis

■ In support of their motion for reconsideration, Plaintiffs argue 1) that the Court applied the wrong legal standard; 2) the Court did not consider evidence in the record that Canadian purchasers of Bre-X directly relied on misstatements made in the United States; and 3) that the Court did not consider supplemental jurisdiction as a basis for subject matter jurisdiction.

### A. The Legal Standard

Plaintiffs contend that the court applied the wrong legal standard. Plaintiffs argue that dismissal is proper only when the plaintiff's claim is wholly insubstantial and frivolous on the merits. Plaintiffs also argue that the Court incorrectly required a showing that the U.S. conduct must "directly cause" the Plaintiffs' loss. According to Plaintiffs, requiring proof of direct causation is inconsistent with controlling authority holding that proof of actual reliance is not required to establish a 10b–5 claim. Plaintiffs' argument fails because it combines two separate and distinct concepts: subject matter jurisdiction and the pleading requirements of a 10b–5 claim.

### 1. The Wholly Insubstantial and Frivolous Standard.

Citing *Williamson v. Tucker,* Plaintiffs argue that dismissal on jurisdictional grounds is proper only when the plaintiffs claim is "wholly insubstantial and frivolous" on the merits. 645 F.2d 404, 415 (5th Cir.1981) (quoting *Bell v. Hood,* 327, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1945)). Plaintiffs' reliance on *Williamson* is misplaced. In *Williamson,* the issue presented was whether certain joint venture interests and promissory notes were properly considered "securities" under federal law. The *Williamson* Court explained that when the factual pleadings are insufficient, the court may accept jurisdic-

tion and dismiss the claim on its merits. However, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim ... appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* Clearly the *Williamson* Court was concerned with protecting a plaintiff from an indirect attack on the merits disguised as a motion to dismiss for lack of subject matter jurisdiction. That is not the situation at hand. Rather the question being asked is "whether the activity in question has had a sufficient impact on, or relation to, the United States, its markets or citizens to justify American Regulation of the situation" *See Kauthar SDN BHD v. Sternberg,* 149 F.3d 659, 665 (7th Cir.1998).

Defendants have not argued, and the Court did not decide, that the Canadian shareholder's claims were meritless, rather the Court dismissed the claims brought by Canadian Plaintiffs because it lacked subject matter jurisdiction under the standard employed by the Fifth Circuit in *Robinson* which requires, as a jurisdictional prerequisite, a showing that the foreign plaintiffs' losses were directly caused by the defendant's acts in the United States. *See Robinson v. TCI/US West Communications Inc.,* 117 F.3d 900, 905–906 (5th Cir.1997); *Kauthar,* 149 F.3d at 667; *Zoelsch v. Arthur Andersen & Co.,* 824 F.2d 27, 33 (D.C.Cir.1987). This brings us to Plaintiffs' second argument.

### 2. Direct Causation.

Plaintiff's content that the Court errored in requiring a showing of direct reliance prior to assuming subject matter jurisdiction. Plaintiffs' argue that direct reliance is unnecessary in Rule 10b–5 cases. Plaintiffs rely on *Basic Inc. v. Levinson,* 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). The holding in *Basic,* provided an alternative way for a plaintiff to prove their prima facie case in a securities fraud case. *Id.* (a plaintiff can establish the element of reliance by proving that he invested on an efficient market, where the stock

price is presumed to reflect all material publicly available information). This has no bearing on the issue that was before this Court; whether the securities fraud claim is properly in the federal court to begin with.

The jurisdictional issue is a threshold issue that must be decided before the Court can consider the merits of Plaintiff's action. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998). In resolving the jurisdictional issue, this Court must apply the conduct test adopted by the Fifth Circuit in *Robinson.* This is a distinct question entirely separate from whether the Plaintiffs are entitled to a presumption of reliance in proving their claim. This Court, in its Jan. 7th order, found that Plaintiffs did not satisfy the *Robinson* test. Plaintiff provide no legal or factual claim which merits the Courts reconsideration of this issue.

## B. Failure to Consider Evidence in the Record

Plaintiffs urge the Court to reconsider its decision because, according to Plaintiffs, the affidavits of John MacDonald and Michael Chan prove direct reliance. According to Messrs. Chan and MacDonald, they are Canadian citizens who purchased Bre–X stock on the Canadian stock exchange following the publication of statements by a J.P. Morgan mining analyst (Pl. Motion at 3). Plaintiffs argue that they have made a prima facie showing that some Canadians directly relied on the J.P. Morgan representations in deciding to purchase Bre–X stock. The affidavits in question do not persuade the Court that the jurisdictional test has been met. First, the Court will not consider these affidavits because they were offered by non-parties. Second, the test for subject matter jurisdiction requires Plaintiffs to show that Morgan's statement directly caused the alleged fraud. In its previous order, the Court stated that "the fact that J.P. Morgan advised Bre–X on financial matters is at best an *indirect* cause of the Canadian Plaintiff's losses." Order at 9. The focus

placed on the Chan and MacDonald affidavits fail to convince the Court that it errored in its original determination that the actions alleged fail to meet the standard set out in *Robinson.*

## C. Supplemental Jurisdiction

Plaintiffs urge the Court to exercise supplemental jurisdiction over the Canadian Plaintiffs under 28 U.S.C. § 1367. As the Court's prior order indicated, there is no federal claim in front of this Court to serve as the basis for supplemental jurisdiction.

If supplemental jurisdiction were possible, this Court clearly has the discretion to decline to exercise supplemental jurisdiction over the Canadian Plaintiffs' claims. The supplemental jurisdiction statute allows a court to decline supplemental jurisdiction when another jurisdiction's law will predominate. or when the basis for the court's original jurisdiction is no longer viable. *See* 28 U.S.C. § 1367(c)(2)–(3). Both of those situations apply to this case.

If the Court were inclined to hear the Canadian claims under the supplemental jurisdiction statute, case law would prohibit the Court from doing so. In attempting to set some limits on the reach of the federal securities laws, the courts have evolved a threshold test to a court's exercise of jurisdiction. The 5th Circuit approach strikes a satisfactory balance recognizing the United States' interest in not being a "base of operations" for securities fraud while at the same time being mindful that "federal courts should be cautious in determining that transnational securities matters are within the ambit of our antifraud statutes." *Kauthar,* 149 F.3d at 667 (discussing the "midground" struck by the Second and Fifth Circuit approaches). The rational of the Fifth Circuit in *Robinson* relies on that Court's understanding that U.S. securities statutes are "designed to protect American investors and markets, as opposed to the victims of any fraud that somehow touches the United States." *Robinson,* 117 F.3d at 906. The *Robinson* Court determined that "to broaden our jurisdiction beyond the

minimum necessary to achieve these goals seems unwarranted in the absence of an express legislative command." *Id.*

If the Canadian Plaintiffs' claims could be heard before this Court by way of the supplemental jurisdiction statute, there would be little purpose in having the separate test set out in *Robinson.* In light of this Court's conclusion that the actions alleged failed to meet the *Robinson* standard for the exercise of subject matter jurisdiction, the Court will decline Plaintiffs' invitation to exercise supplemental jurisdiction. ·

## IV. Conclusion

This Court has considered the parties' arguments regarding the soundness of its opinion and is not convinced that there are any manifest errors of law. Therefore the Court finds that there is no basis for modifying its order of January 7, 1999. It is therefore

ORDERED, DECREED, and ADJUDGED, that Plaintiffs' motion to reconsider is DENIED.